CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 1 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 7:05cr00094-1 |
| ) | |
| v. ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| JERMAINE LEE OSBOURNE. ) | |
| ) | **2255 MEMORANDUM OPINION** |

Petitioner Jermaine Lee Osbourne, a federal inmate proceeding pro se, filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, arguing that he is actually innocent of the conviction to which he plead guilty. By conditional filing order, entered May 12, 2009, the court notified Osbourne that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Osbourne has responded and based on his response and petition, the court finds that Osbourne's motion is barred by the one-year state of limitations for filing a § 2255 motion, and that he has not demonstrated any grounds for equitable tolling. Therefore, the court dismisses his motion as untimely.

I.

On October 27, 2005, a grand jury in the Western District of Virginia indicted Osbourne for distributing and possessing with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count One"); and distributing or possessing with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count Two"). On February 14, 2006, pursuant to a written plea agreement, Osbourne pled guilty to Count One of the Indictment. As part of the plea agreement, the United States agreed to move to dismiss Count Two of the indictment and not to file a second felony enhancement which would result in a mandatory life sentence. Also, as part of the plea agreement, Osbourne agreed that

he would be held responsible for more than 50, but less than 150, grams of cocaine base and that he would waive his right to collaterally attack the judgment and any part of his sentence under § 2255. On May 3, 2006, the court sentenced Osbourne to 240 month incarceration as to Count One. Osbourne did not appeal; however, he mailed his § 2255 motion to the court on April 15, 2009.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Thus, Osbourne's conviction became final on May 15, 2006, when his time to file an appeal expired. Therefore, Osbourne had until May 15, 2007 to file a timely § 2255 petition. However, Osbourne did not file his federal habeas petition until April 15, 2009, approximately 1,066 days after his time to file a timely § 2255 passed. Accordingly, Osbourne's petition is time-barred unless he demonstrates grounds for equitable tolling.[1]

The court conditionally filed Osbourne's motion, advising him that his motion appeared to

---

[1] A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

Case 7:05-cr-00094-SGW-RSB    Document 53    Filed 06/11/09    Page 2 of 3    Pageid#: 120

be untimely under § 2255(f) and asking him to present any additional evidence or argument concerning the timeliness of his motion. In response, Osbourne states that he intended to bring his motion under § 2255(e), not (f). He argues that subsection (e) has no period of limitation and, therefore, his motion is timely filed.[2] However, contrary to his assertion, subsection (f), regarding the period of limitation, applies to all § 2255 motions. Osbourne makes no other argument regarding the timeliness of his petition.[3] Accordingly, the court finds that Osbourne has not demonstrated grounds for equitable tolling and, thus, his motion is untimely.

### III.

For the reasons stated, the court dismisses Osbourne's § 2255 motion as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 11th day of June, 2009.

_____
United States District Judge

---

[2] Section 2255(e) states:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[3] To the extent Osbourne may be arguing that the statute of limitations should not apply in his case because he is actually innocent, his claim fails. In order to succeed on a claim of actual innocence, Osbourne must demonstrate that no reasonable juror would convict him in light of new evidence not presented at trial. See Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). Here, Osbourne has pointed to no new evidence not presented at trial and that was not reasonably available to him prior to the expiration of the statutory period of limitations. Therefore, his claim of actual innocence must fail.