CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 28 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 7:05cr00094-1 |
| | ) | |
| v. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| JERMAINE LEE OSBOURNE. | ) | |
| | ) | **2255 MEMORANDUM OPINION** |

Petitioner Jermaine Lee Osbourne, a federal inmate proceeding pro se, filed a motion which the court construes as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, arguing that he is actually innocent of the conviction to which he pled guilty. Upon review of the court's records, the court finds that his § 2255 motion must be dismissed as successive.

I.

Osbourne challenges his conviction for distributing and possessing with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Court records indicate that Osbourne previously filed a § 2255 motion with the court regarding this same conviction on April 15, 2009. The court dismissed Osbourne's prior § 2255 motion as untimely filed. Osbourne appealed the court's dismissal and the United States Court of Appeals for the Fourth Circuit dismissed his appeal after declining to issue a certificate of appealability.

This court may consider a second or successive § 2255 motion only upon specific certification from the Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). As Osbourne has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court must

dismiss his motion as successive.[1]

## II.

Osbourne argues that if the court cannot consider his motion under § 2255, the court should consider it under 28 U.S.C. § 2241. However, ordinarily, a motion pursuant to § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging the legality of a conviction, unless a petition pursuant to § 2255 is "inadequate and ineffective"for those purposes. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Osbourne's petition does not indicate any respect in which his case meets the standard under In re Jones so as to qualify for consideration under § 2241. Clearly there has been no change in the law making it now legal to distribute cocaine base. Accordingly, the court finds that Osbourne fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction, and thus, the court will not construe his motion as a petition for writ of habeas corpus pursuant to § 2241.

---

[1] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

## III.

For the reasons stated, the court dismisses Osbourne's § 2255 motion as successive.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 28th day of January, 2010.

United States District Judge