CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:05cr00094-1 |
| | ) | |
| | ) | **2255 MEMORANDUM** |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | By: Samuel G. Wilson |
| JERMAINE LEE OSBORNE | ) | United States District Judge |

This matter is before the court on Jermaine Lee Osborne's motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure of this court's 2009 denial of his § 2255 motion challenging his 2006 conviction of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.[1] The court denied his original § 2255 motion because it was untimely. Osborne claims he is actually innocent, and that the Supreme Court's recent decision in <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924 (2013) permits the court to excuse his procedural default. For a host of reasons, Osborne's arguments do not fit within Rule 60(b). But at the most basic level, he has not shown or even forecast evidence showing that he is actually innocent of the offense to which he pled.[2]

I.

A grand jury of the Western District of Virginia indicted Osborne in 2005 with two counts of drug trafficking. Count One alleged that Osborne conspired "with persons known and unknown" to the grand jury to distribute and to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 and Count Two charged him with distributing or possessing with intent to distribute 5 grams of a mixture or substance containing

---

[1] By memorandum opinion and order entered June 11, 2009, the court dismissed Osborne's first § 2255 motion. Osborne has filed two other § 2255 motions which the court dismissed as unauthorized, successive motions on January 28, 2010 and November 21, 2011.

[2] Osborne does not specify under which subsection of Rule 60(b) he seeks relief; however, the court finds that he has not demonstrated that he is entitled to relief under any subsection of Rule 60(b).

cocaine base in violation of 21 U.S.C. § 841(a)(1) and(b)(1)(B). The United States filed an information pursuant to 21 U.S.C. § 851(a)(1) which had the effect of increasing Osborne's mandatory minimum under Count One from 10 years to 20 years.

Osborne pled guilty to Count One of the indictment pursuant to a plea agreement, and the court dismissed Count Two. The court heard a summary of the evidence at the plea hearing, concluded that Osborne's plea was a knowing and voluntary plea supported by an independent basis in fact, accepted it and ordered a presentence report. According to the presentence report, Osborne admitted to "participation in a large drug trafficking conspiracy which consisted of at least thirteen other co-conspirators." (Docket No. 58, p. 4.) He was "a mid-level dealer" who "redistributed well in excess of five kilograms of crack cocaine." (Id.) The court sentenced Osborne to the 20-year mandatory minimum.

In his 2009 § 2255 motion, Osborne argued he was actually innocent of conspiring to distribute 50 grams or more of cocaine base. Despite his guilty plea to the alleged conspiracy, Osborne maintained there was a "lack of evidence" to support it because he "did not have any co-defendants" and he "was only caught with under ten grams of cocaine base." The court dismissed Osborne's 2009 § 2255 motion as untimely (by approximately 1,066 days).

II.

Osborne maintains he is actually innocent of his count of conviction, which he describes as possession with intent to distribute 50 grams of cocaine base. His argument is flawed in a number of ways, and the court rejects it.

In McQuiggin, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." 133 S.Ct. at 1928. But, the petitioner must show "in

2

light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (internal citations and quotation marks omitted). Actual innocence means "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Thus, an actual innocence claim will succeed only in a "severely confined category [of] cases." See McQuiggin, 133 S. Ct. at 1933. Here, Osborne's actual innocence claim is grounded on two flawed assumptions.

First, Osborne describes his count of conviction as "possession with intent to distribute" and he extrapolates he possessed less than 50 grams of cocaine base at the time of his arrest. However, Osborne did not plead to, nor was he convicted of, possession with intent to distribute 50 grams of cocaine base. Rather, he pled guilty to an indictment charging him with *conspiracy* to distribute and to possess with intent to distribute 50 grams or more of cocaine base. The quantity of drugs attributable to a co-conspirator is the quantity reasonably foreseeable by him. United States v. Collins, 415 F.3d 304, 314 (4th Cir. 2005). According to the presentence report, Osborne admitted to being a "mid-level dealer" who distributed "more than five kilograms of crack cocaine." (Docket No. 58, p. 4.)

Second, Osborne claims that he is actually innocent because he "did not have any co-defendants." Osborne pled guilty to conspiring "with persons known and unknown" and admitted to "participation in a large drug trafficking conspiracy which consisted of at least thirteen other co-conspirators." (Id.) The government may prove a conspiracy even if the defendant's co-conspirator remains unknown, so long as it presents evidence of an agreement between two or more persons. Rogers v. United States, 340 U.S. 367, 375 (1951) ("[T]he identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted

3

of conspiring with persons whose names are unknown."); see also United States v. Pitt, 172 F.3d 45 (4th Cir. 1999) (per curiam).

III.

For the above-stated reasons, Osborne cannot resort to Rule 60(b) to challenge this court's denial of his 2009 § 2255 motion, but even if he could, he still could not raise even a colorable claim of actual, "factual" innocence. The court accordingly concludes that his 2009 § 2255 motion was properly dismissed as untimely.[3]

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Osborne's motion for reconsideration (Docket No. 78) is **DENIED**.

The clerk is directed to send a copy of this order to the parties.

**ENTER:** This 17th day of December, 2013.

United States District Judge

---

[3] To the extent Osborne may wish to bring a new § 2255 claim challenging the sufficiency of the evidence or the validity of his guilty plea, such a claim must be raised in a second or successive § 2255 motion for which Osborne would need certification from the United States Court of Appeals for the Fourth Circuit before bringing in this court. Osborne is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Osborne must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244. A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.